United States Court of Appeals,

Eleventh Circuit.

Nos. 94-6254, 94-6368.

Alpha W. HARGETT, III, Plaintiff-Appellant,

v.

VALLEY FEDERAL SAVINGS BANK, Defendant-Appellee.

Aug. 4, 1995.

Appeals from the United States District Court for the Northern District of Alabama. (No. 92-B-2279 NW), Sharon Lovelace Blackburn, Judge.

Before CARNES, Circuit Judge, JOHNSON, Senior Circuit Judge, and HOBBS[*], Senior District Judge.

HOBBS, Senior District Judge:

This consolidated appeal arises from two EEOC claims filed respectively before Judge Blackburn and Judge Hancock in the Northern District of Alabama. The appeal requires determinations whether the age discrimination claim, which was filed before Judge Blackburn, and the retaliation claim, which was filed before Judge Hancock, were timely filed with the EEOC.

Alpha W. Hargett filed the age discrimination claim and the retaliation claim against his former employer, the Valley Federal Savings Bank ("Valley"). Hargett appeals Judge Hancock's order granting Valley's Motion for Summary Judgment in the retaliation action. Hargett also appeals the following orders in the case before Judge Blackburn: the order denying Hargett's Motion to Amend his complaint; the order granting Valley's Motion for Leave to Amend its answer; and the portion of Judge Blackburn's order

[*]Honorable Truman M. Hobbs, Senior U.S. District Judge for the Middle District of Alabama, sitting by designation.

granting Valley's Motion for Summary Judgment in which the court held that Hargett's EEOC charge alleging age discrimination was untimely filed.[1] For the reasons hereinafter stated, we affirm the decisions of Judge Blackburn and reverse the decision of Judge Hancock.

## I. STATEMENT OF THE CASE

### A. FACTS

Valley employed Hargett, on June 13, 1990, as a probationary employee. Hargett has had banking experience in the conventional home mortgage market, and Valley hired him expecting that business in the conventional home mortgage market would improve, although it had been in a state of depression in the area since 1989. Hargett was laid off on November 15, 1990, a few days after his forty-first birthday.[2] Valley advised him that a continuation of the depressed market caused his termination.

In early 1991, Hargett returned to Valley on personal business. He found that Regina Richards, age 31, was occupying his former office and purportedly was performing his former duties. On November 15, 1991, Hargett filed an EEOC "Intake Questionnaire," representing that Valley had discriminated against him on the basis of his age on November 15, 1990. On February 11, 1992, Hargett

---

[1] Hargett does not appeal Judge Blackburn's grant of Valley's Motion for Summary Judgment on the merits of Hargett's age discrimination claim. However, Hargett insists that Judge Blackburn was in error in her order that the retaliation claim required a timely EEOC filing. Hargett argues that under the *Gupta* rule, the retaliation claim attaches to the original EEOC claim for age discrimination without any second EEOC filing. *Gupta v. East Texas State Univ.,* 654 F.2d 411, 414 (5th Cir. (Unit A) Aug. 1981).

[2] Hargett's date of birth is November 3, 1949.

filed a sworn charge of discrimination with the EEOC alleging discrimination on the basis of age and sex, and citing November 15, 1990, as the date of the most recent discrimination. On April 15, 1992, Hargett wrote Frank Donsbach, the Senior Vice-President at Valley, requesting reinstatement. Donsbach replied on April 21, 1992, informing Hargett that they were seeking to hire persons with outside loan experience, but that he was not a candidate for employment with Valley. On May 20, 1992, Hargett forwarded a newspaper clipping dated May 10, 1992, to an EEOC investigator, calling to his attention that Valley had recently hired Steve Nesbitt into a loan officer's position. On September 25, 1992, Hargett filed his age discrimination claim in district court.

On May 19, 1993, in aid of his age discrimination suit, Hargett deposed Donsbach, Valley's corporate representative and Vice-President. Donsbach's deposition testimony was as follows:

Q. Would you consider him [Hargett] for re-employment?

A. Probably not.

Q. Why is that?

A. Mainly because of what's going on here, I guess.

Q. When he filed the EEOC Charge, does that automatically knock Mr. Hargett out of being considered for re-employment.

A. I don't know.

Q. Well, did it play a role?

A. It probably did.

(Donsbach Dep. at 34).

B. PROCEDURAL HISTORY

Hargett's *pro se* age discrimination suit alleged age discrimination, in violation of 29 U.S.C. § 621 *et seq.* The case

was assigned to Judge Blackburn. Once Hargett retained counsel, he amended the complaint on December 31, 1992. The amended complaint alleged that Valley discriminated against Hargett on the basis of age in "layoff, recall from layoff, job assignments ... as well as other terms and conditions and privileges of employment." Valley filed an amended answer on January 26, 1993, in which it admitted the allegations contained in paragraph two of the amended complaint which read as follows:

> Plaintiff has fulfilled all conditions precedent to the institution of this action under the Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* The Equal Employment Opportunity Commission attempted conciliation of the age discrimination charge. Plaintiff timely filed suit within ninety days of his receipt of the Notice of Right to Sue and within two years of the occurrence of the last discriminatory act.

On May 17, 1993, Valley moved for summary judgment as to the merits and untimeliness of Hargett's first EEOC charge and submitted its brief and supporting documentation thereto on July 2, 1993.

On July 2, 1993, Valley moved to amend its answer to incorporate the defense of the statute of limitations, asserting that Hargett failed to timely file a charge of discrimination with the EEOC within the time prescribed by 29 U.S.C. § 626 and failed to fulfill all conditions precedent to the maintenance of the action.

The pretrial conference before Judge Blackburn was held on July 6, 1993. Judge Blackburn entered the proposed pretrial order, which counsel for the parties had drafted and submitted to her. Under paragraph "5(f)" of the pretrial order, Valley included the defense that Hargett's EEOC charge was untimely. Although Hargett

contends that Donsbach's deposition testimony on May 19, 1993, shows that Valley had retaliated against him, he did not include the retaliation claim in the pretrial order, nor did he represent to the court at the pretrial conference that he intended to assert such a claim. The trial before Judge Blackburn was scheduled for September 27, 1993.

On July 5, 1993, Hargett filed a new EEOC charge alleging retaliation against Valley. The EEOC issued a right to sue letter on August 26, 1993. On September 17, 1993, Hargett commenced his retaliation suit in district court, and the case was assigned to Judge Hancock.

On December 6, 1993, Hargett filed a motion for consolidation before Judge Hancock. On December 7, 1993, Judge Hancock ruled that Hargett should have filed his consolidation motion before Judge Blackburn, rather than before Judge Hancock. Hargett refiled his motion to consolidate on December 13, 1993, with Judge Blackburn.

Valley entered its first appearance in the action before Judge Hancock on January 4, 1994, in a motion to dismiss or in the alternative for summary judgment, contending that the EEOC charge and suit were untimely. On January 4, 1994, Valley filed an objection to the consolidation in Judge Blackburn's case and sought to delay Judge Blackburn's ruling on consolidation until Judge Hancock had considered Valley's pending motion to dismiss or in the alternative for summary judgment.

On February 3, 1994, Hargett filed a "cross motion for summary judgment" before Judge Hancock in his retaliation suit. Judge

Blackburn stayed consideration of the consolidation issue, which was ultimately treated as moot when Judge Hancock held that Hargett's retaliation claim was untimely filed. Judge Hancock granted Valley's motion for summary judgment on February 25, 1994, on two grounds. First, Judge Hancock ruled that Hargett became aware of facts sufficient to place him on notice of a potential retaliation claim by the April 21, 1992, correspondence to him from Valley, confirming the bank's efforts to employ people with outside loan experience. Accordingly, Judge Hancock held that Hargett's EEOC retaliation charge was untimely, as it was not filed within 180 days of that time. Second, Judge Hancock held that Hargett's independent retaliation action could not draw on ancillary jurisdiction of the age discrimination case to support it because the age discrimination case was not properly before him.

On March 9, 1994, Hargett filed a motion to amend the complaint to add the retaliation claim in the case before Judge Blackburn. Judge Blackburn issued a memorandum opinion and order denying the motion on March 30, 1994. The court noted that Hargett failed to include in the pretrial order his retaliation claim, of which he was aware in May, 1993. Additionally, because Hargett had not timely filed his age discrimination claim to which the retaliation claim could otherwise append, the district court denied Hargett's motion for leave to amend.

On March 30, 1994, Judge Blackburn also issued a separate memorandum opinion granting Valley's motion to amend its answer, which Valley had filed on July 2, 1993. On the same day, Valley filed its amended answer, and Judge Blackburn granted Valley's

motion for summary judgment based on the merits that Hargett failed to make a prima facie case of age discrimination and that Valley had articulated a legitimate, non-discriminatory reason for Hargett's discharge. Judge Blackburn also stated that Hargett's failure to timely file a charge of age discrimination precluded his suit altogether.

## II. STATEMENT OF THE ISSUES

1. Did Judge Blackburn err in holding that Hargett's claim alleging age discrimination in lay off was untimely filed.

2. Did Judge Blackburn abuse her discretion by denying Hargett's motion to amend his age discrimination case to add a retaliation claim.

3. Did Judge Blackburn abuse her discretion by allowing the defendant Valley to amend its answer to assert the defense of the statute of limitations after Valley had admitted in its answer to the complaint that the procedural preconditions to suit had been satisfied.

4. Did Judge Blackburn err in holding that the rehire claim was time-barred.

5. Did Judge Hancock err in ruling that Hargett's retaliation claim was untimely filed with the EEOC.

6. Did either court abuse its discretion in failing to rule on Hargett's motion for consolidation.

## III. STANDARD OF REVIEW

This court reviews *de novo* the district court's grant of a motion for summary judgment. *Edwards v. Wallace Community College,* 49 F.3d 1517, 1520 (11th Cir.1995); *Beavers v. American Cast Iron Pipe Co.,* 975 F.2d 792 (11th Cir.1992). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Beal v. Paramount Pictures Corp.,* 20 F.3d 454, 458 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 675, 130 L.Ed.2d 607 (1994).

This court reviews the facts in the light most favorable to the non-movant and resolves all factual disputes in favor of the non-movant. *Smith v. Jefferson Pilot Life Ins. Co.,* 14 F.3d 562, 566 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 57, 130 L.Ed.2d 15 (1994).

The district court's ruling on whether consolidation is appropriate is reviewed under an abuse of discretion standard. *Whiteman v. Pitrie,* 220 F.2d 914 (5th Cir.1955); [3] *DuPont v. Southern Pac. Co.,* 366 F.2d 193 (5th Cir.1966), *cert. denied,* 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967); *Alley v. Chrysler Credit Corp.,* 767 F.2d 138 (5th Cir.1985). To find an abuse of discretion, the appellate court must find that, on an examination of the record as a whole, the action complained of adversely affected the substantial rights of the complaining party. *Box v. Swindle,* 306 F.2d 882 (5th Cir.1962).

The district court's decision on whether to grant a motion for leave to amend the pleadings is reviewed for abuse of discretion. *Jones v. Childers,* 18 F.3d 899 (11th Cir.1994); *Lockett v. General Fin. Loan Co. of Downtown,* 623 F.2d 1128 (5th Cir.1980); *Thomas v. Farmville Mfg. Co., Inc.,* 705 F.2d 1307 (11th Cir.1983).

## IV. DISCUSSION

### A. TIMELINESS OF THE "LAY OFF" CLAIM

Hargett first alleges that Judge Blackburn erred when she

---

[3]In *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

granted summary judgment in favor of Valley on the basis that Hargett's age discrimination suit was not timely filed with the EEOC. Hargett filed his claim with the EEOC on February 11, 1992. Therefore, his age discrimination claim is barred if he knew or reasonably should have known of the challenged acts more than 180 days prior to February 11, 1992. *Allen v. United States Steel Co.,* 665 F.2d 689, 692 (5th Cir. (Unit B) 1982) (citations omitted);[4] *Hill v. MARTA,* 841 F.2d 1533, 1545 (11th Cir.1988), *as amended after reh'g,* 848 F.2d 1522 (11th Cir.1988); *see also* Coleman, John J., III, *Employment Discrimination in Alabama* 310 (1991) (the limitations period begins to run from the time that the person knows or reasonably should know that the challenged act has occurred). Judge Blackburn held that the 180 day period started to run on November 15, 1990, the date of layoff, which Hargett referred to in his EEOC charge and in his EEOC intake questionnaire as the last date of discriminatory action.

Even if Judge Blackburn erred in finding that the limitations period commenced on November 15, 1990, the age discrimination claim is still untimely. A plaintiff, who is aware that he is being replaced in a position, which he believes he is able to perform, by a person outside the protected age group, knows enough to support filing a claim. *See Sturniolo v. Sheaffer, Eaton, Inc.,* 15 F.3d 1023, 1025 (11th Cir.1994) (citation omitted). The latest that the 180 day period could begin to run would be "right after the first

---

[4]*See infra* n. 3; Although *Allen* was decided after September 30, 1981, the Eleventh Circuit regards the decisions of Unit B panels of the former Fifth Circuit as binding precedent. *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).

of the year, 1991," [5] when Hargett became aware that Regina Richards, a 31 year-old female, had allegedly assumed his former duties. Even a liberal interpretation of the phrase, "the first of the year, 1991," would render the 1992, EEOC filing and the November, 1991, filing of the intake questionnaire untimely. *See Id.* at 1026 (where plaintiff did not have sufficient facts to support a claim of age discrimination at the time of discharge, court held the 180 day charge-filing period was tolled to the date in which the plaintiff had enough information to support such a claim, when he learned that a younger individual had replaced him). Therefore, Judge Blackburn did not err in holding that the age discrimination claim was untimely filed.

B. MOTION TO AMEND THE COMPLAINT

1. Denial of the Motion to Amend the Complaint

Hargett argues that Judge Blackburn abused her discretion by denying Hargett's motion to amend his age discrimination case to add the retaliation claim. We disagree.

Fed.R.Civ.P. 15(a)[6] provides the district court with

_____

[5]RB 26; Hargett Dep. at 50-51.

[6]Rule 15(a) provides as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may

extensive discretion to decide whether to grant leave to amend after the time for amendment as a matter of course has passed. 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* Civil 2d § 1486, at 604 (1990). In *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court propounded the following standard which is to be employed by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

In denying the amendment, Judge Blackburn noted that Hargett had knowledge of the retaliation claim on May 19, 1993, the date of the Donsbach deposition when Hargett also contends the retaliation claim arose. However, Hargett failed to add this claim in the pretrial order, entered July 7, 1993. We hold that Judge Blackburn did not abuse her discretion when she denied the amendment which was filed more than eight months after the pretrial order was entered and almost ten months after the Donsbach deposition. *See Nevels v. Ford Motor Co.,* 439 F.2d 251, 257 (5th Cir.1971) (wherein the court stated that generally leave to file amendments should be freely given; however "amendments should be tendered no later than the time of pretrial unless compelling reasons why this could not have been done are presented").

---

be longer, unless the court otherwise orders.
Fed.R.Civ.P. 15(a).

2. Application of the *Gupta* Rule

Judge Blackburn did not err in her application of the *Gupta* rule. *See Gupta v. East Texas State Univ.,* 654 F.2d 411, 414 (5th Cir. (Unit A) Aug. 1981).[7]

In *Gupta,* the court held that there is no need to file a subsequent EEOC charge involving a retaliation claim where the claim "grows out of an administrative charge that is properly before the court," because the court has ancillary jurisdiction over the claims. *Id.*

The court faced a situation similar to the instant case, involving an age discrimination claim which was untimely filed with the EEOC, in *Barrow v. New Orleans Steamship Ass'n,* 932 F.2d 473 (5th Cir.1991). The Fifth Circuit held that the retaliation claim which was not filed with the EEOC could not be attached to the untimely filed age discrimination suit.[8] The Fifth Circuit stated

> [b]ecause one of the age discrimination charges was untimely and the other was not presented first to the EEOC, they were not **"properly'** before the district court. Thus, the retaliation charge has no charge on which to attach itself, and the district court correctly dismissed it.

*Id.* at 478 (emphasis added).

The Eighth Circuit considered a related question in *Wentz v. Maryland Cas. Co.,* 869 F.2d 1153 (8th Cir.1989). Wentz, a former employee of Maryland Casualty Company ("Maryland"), filed a claim alleging age discrimination with the EEOC on February 15, 1984.

---

[7]*See infra* n. 3.

[8]The Fifth Circuit stated that the retaliation claim should be dismissed without prejudice so it could be filed separately with the EEOC. *Id.*

The following day, Maryland discharged Wentz. Wentz filed suit alleging age discrimination, retaliation, and other claims. *Id.* at 1154. The district court held that Maryland discharged Wentz for a legitimate nondiscriminatory reason, that was not pretextual. On the strength of that ruling, the trial court dismissed the retaliation claim. The Eighth Circuit held that the fact that Wentz was unsuccessful on the age discrimination claim did not preclude him from pursuing his retaliation claim. In so holding, the court reasoned that Wentz's claim was cognizable if the allegations in the complaint were reasonably related to **"the timely filed administrative charges."** *Id.* at 1154 (citations omitted and emphasis added); *see also Anderson v. Block,* 807 F.2d 145 (8th Cir.1986) (wherein the court held that an employee's untimely filed administrative charge alleging discriminatory discharge could be treated as an amendment to her prior charges, which alleged discrimination in suspensions, if it directly related to or grew out of practices alleged in the prior suspension charges "that were timely brought"). Although *Wentz* concerns different facts, one may infer from the holding that Hargett's retaliation claim cannot relate back to an age discrimination claim if it was not timely filed.

We find the reasoning of the Fifth and Eighth Circuits persuasive, and, accordingly hold that Judge Blackburn did not abuse her discretion by disallowing the amendment. Consequently, because the underlying age discrimination claim was untimely filed and because Hargett did not move to amend the complaint until after the pretrial order, Judge Blackburn did not abuse her discretion in

denying the retaliation amendment. *See Nevels v. Ford Motor Co.,* 439 F.2d 251, 257 (5th Cir.1971); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (holding that a court may deny an amendment due to undue delay).

C. MOTION TO AMEND THE ANSWER

Hargett next argues that Judge Blackburn abused her discretion by allowing Valley to amend its answer on July 2, 1993, to include the defense of statute of limitations because Valley admitted in its first amended answer that all the preconditions to suit had been satisfied, and because Valley had waived the defense of statute of limitations under Fed.R.Civ.P. 8(c), by not including the affirmative defense in its answer. Hargett's contentions are meritless.

Fed.R.Civ.P. 15(a) gives the court extensive discretion to decide whether to grant leave to amend after the time for amendment as a matter of course has passed. *See* Fed.R.Civ.P. 15(a); 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* Civil 2d § 1486, at 604 (1990). Valley filed the motion to amend four days before the pretrial conference was held. Judge Blackburn reasoned that Hargett would not be prejudiced by such an amendment because he was placed on notice even before the pretrial conference that Valley challenged the timeliness of the EEOC filing. Although a defendant's answer should apprise the opposing party of the allegations in the complaint which stand admitted and will not be in issue at trial,[9]

---

[9]Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* Civil 2d § 1261, at 383 (1990).

because Valley challenged as untimely the EEOC filing in the early stages of the litigation, Judge Blackburn was correct that no prejudice or delay resulted to Hargett in allowing Valley's amendment. The district court did not thereby abuse its discretion.

In addition, if a party omits the defense of statute of limitations in the answer, the defense is not waived if the litigant includes it in the pretrial order. *See generally, Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1012 (11th Cir.1982) (if a party fails to include an affirmative defense in the answer or to have it "included in the pretrial order of the district court, which supersedes the pleadings," the defense is normally waived); *see also Expertise, Inc. v. Aetna Fin. Co.,* 810 F.2d 968 (10th Cir.1987); *Echols v. Strickland,* 92 F.R.D. 75, 77 (S.D.Tex.1981); *Bernert Towboat Co. v. U.S.S. Chandler,* 666 F.Supp. 1454 (D.Or.1987) (although a failure to raise an affirmative defense in an answer results in waiver, defendant raised the defense in the pretrial order, which had the effect of amending the pleadings).

Because Valley raised the statute of limitations defense at the pretrial conference, and included it in the pretrial order, which supersedes the pleadings, Hargett was not unreasonably surprised by the defense. Thus, Judge Blackburn did not abuse her discretion in allowing the amendment. *See Joplin v. Bias,* 631 F.2d 1235 (5th Cir. (Unit A) 1980) (holding that it was not an abuse of discretion to allow defendant to amend answer to raise the statute of limitations defense even though the defense was first raised

one-and-a-half years after the original answer was filed); *see also Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1012 (11th Cir.1982); *Expertise, Inc. v. Aetna Fin. Co.,* 810 F.2d 968 (10th Cir.1987).

D. TIMELINESS OF THE REHIRE CLAIM

Hargett contends that his claim alleging age discrimination in rehire is not barred. Hargett asserts that the 180 day period did not begin to run on his rehire claim before Judge Blackburn until April 21, 1992, two months after he had filed his initial EEOC charge, when he received the letter from Valley stating that he would not be rehired. Valley, however, asserts that although a rehire claim is included in paragraph seven of the complaint, Hargett failed to go beyond the pleadings in opposing Valley's motion for summary judgment, as required by Fed.R.Civ.P. 56(e), and that he is precluded from raising the claim on appeal.[10] Valley further contends that Hargett may not raise this argument on appeal because Hargett never raised, argued, or briefed an age discrimination in rehire claim before either district judge.

In *Burnam v. Amoco Container Co.,* 755 F.2d 893, 894 (11th Cir.1985) (per curiam), this court held that a plaintiff must allege that the failure to rehire stemmed from a new and discrete act of discrimination, separate from the original charge of

[10]Fed.R.Civ.P. 56(e) "requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the "depositions, answers to interrogatories, and admissions on file,' designate "specific facts showing that there is a genuine issue for trial.' " *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

discriminatory discharge.[11]  Because Hargett alleges the same discriminatory reasons to support his claim of discrimination in rehiring, Hargett's fails to demonstrate that the rehire claim is derived from a separate act of discrimination by Valley.  *See Roy v. Amoco Oil Co.,* 747 F.Supp. 661, 667 (S.D.Fla.1990), *aff'd,* 925 F.2d 1473 (11th Cir.1991), *cert. denied,* 502 U.S. 823, 112 S.Ct. 87, 116 L.Ed.2d 59 (1991);  *see also Gonzales v. Garner Food Serv. Inc.,* 855 F.Supp. 371 (N.D.Ga.1994) (simple request to be rehired cannot resurrect discharge claim);  *Knowles v. Postmaster General, U.S. Postal Serv.,* 656 F.Supp. 593 (D.Conn.1987).  Therefore, Hargett's claim is time-barred because the statute of limitations began to run on the date of his lay off, November 15, 1990.

Even assuming that the charge-filing period began on April 21, 1992, because Hargett did not file a separate charge with the EEOC alleging discrimination in rehire within 180 days following his receipt of the April, 1992, letter, his claim is untimely. Further, Hargett cannot attach the rehire claim to the earlier charge, filed in February, 1992, alleging age discrimination in lay off because, as discussed previously, the earlier charge was not timely filed with the EEOC, and a party may not attach a claim to

---

[11]Burnam was discharged from Amoco on October 9, 1982, but did not file a charge with the EEOC within 180 days of his lay off.  On May 23, 1983, Burnam requested that she be reinstated, but was notified that she would not be.  On June 6, 1983, Burnam filed a charge with the EEOC.  Burnam argued that the refusal to rehire constituted a new and continuing violation of the Age Discrimination in Employment Act.  The Eleventh Circuit held that "a failure to rehire subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act."  *Id.* at 894.  The court stated that the request for reinstatement sought to redress the original discharge. Therefore, the court held that Burnam's claim was time-barred.

one contained in an earlier EEOC charge, which was untimely filed. *See Barrow,* 932 F.2d at 478; *Gupta,* 654 F.2d at 414. Therefore, even if we assume that the 180 day period began to run on April 21, 1992, Hargett's claim is time-barred because he did not file with the EEOC within 180 days from that date, and he cannot attach the rehire claim to the untimely filed lay off claim.

As to Valley's contention that Hargett did not argue the discriminatory rehire claim before the district courts, upon review of the record, we conclude that Hargett did not raise this argument below. Generally, the court of appeals will not consider an issue or theory that was not raised in the district court. *Narey v. Dean,* 32 F.3d 1521, 1526 (11th Cir.1994); *Gibson v. Resolution Trust Corp.,* 51 F.3d 1016, 1021 (11th Cir.1995). Moreover, as previously discussed, even if Hargett had properly raised this issue in the district courts, Hargett's rehire claim would be barred.

E. TIMELINESS OF THE RETALIATION CLAIM

Although we agree with Judge Hancock that Hargett's retaliation claim could not attach to the age discrimination claim under the *Gupta* rule for the reasons hereinbefore discussed, we are of the opinion that Judge Hancock erred in holding that the 180 day charge-filing period for retaliation claim commenced on April 21, 1992, the date that Valley notified Hargett that he would not be considered for rehiring.

An employer violates the Age Discrimination in Employment Act if it retaliates against an employee for filing an EEOC charge. 29 U.S.C. § 623(d) states in pertinent part as follows:

> It shall be unlawful for an employer to discriminate against any of its employees or applicants for employment ... because such individual, member or applicant for membership has opposed any practice made unlawful by this section, **or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.**

29 U.S.C. § 623(d) (emphasis added).[12]

Valley argues that Hargett had sufficient information upon which to file a retaliation claim when he received the letter notifying him that he was not a candidate for rehiring, two months after he filed the initial EEOC charge. [13] In the alternative,

---

[12] To establish a prima facie case of retaliation plaintiff must show that he or she 1) engaged in statutorily protected expression; 2) experienced adverse employment action; and 3) a causal link exists between the protected expression and the adverse action. *See Hairston v. Gainesville Sun Publishing,* 9 F.3d 913 (11th Cir.1993).

[13] Judge Hancock found that the statute of limitations for the retaliation claim began to run on April 21, 1992, when Hargett received the letter. Judge Hancock relied on *Stafford v. Muscogee Co. Bd. of Educ.,* 688 F.2d 1383 (11th Cir.1982). Stafford had applied for principalships with the county school system after a fire destroyed the school where he had served as the principal. In the summer of 1977, Stafford found that other applicants had filled the positions. On October 7, 1977, the county school superintendent informed Stafford that he would not be appointed to any of the principalships. Following these events, Stafford did not file a charge with the EEOC alleging discrimination under Title VII until December 20, 1978. The court held that the charge was untimely filed because the statute of limitations started to run upon Stafford's receipt of the October 7, 1977, correspondence from the superintendent.

While the court found that a letter notifying Stafford that he would not be rehired, triggered the EEOC charge-filing period for the rehire claim, it does not follow that a reasonable person's receipt of a letter denying reinstatement would cause the 180 day period for a retaliation claim to begin. The *Stafford* court considered when a reasonable person would know that he had been discriminated against in rehiring, not when a reasonable person would know that an employer had retaliated against him for an EEOC filing.

Valley argues that the limitations period began on May 20, 1992, when Hargett sent to the EEOC investigator a clipping, showing that Valley had hired a person in the loan department. Valley contends that his receipt of the letter, after his EEOC filing, and his cognizance of Valley's recent hire, would place a reasonable person on notice that Valley had retaliated against him for filing an EEOC claim. We disagree.

Hargett's EEOC filing of his retaliation claim was timely because Hargett was not reasonably put on notice that his EEOC filing caused the adverse employment action until May, 1993, when Donsbach, Valley's Senior Vice-President, testified in a deposition that a reason Hargett would probably not be considered for rehire was because he filed an EEOC charge. Prior to this statement by Donsbach, Hargett was seeking to prove that all actions taken by Valley in terminating his employment and refusing to rehire him were based on his age.

Because Hargett had already been laid off, allegedly for age discrimination, the refusal to rehire was entirely consistent with the age discrimination claim. In fact, Donsbach's deposition testimony was given as Hargett pursued his claim that his mistreatment by Valley was because of his age. Thus, the April 21, 1992, letter refusing to rehire him did not provide Hargett with sufficient facts to place a reasonable person on notice that retaliation had occurred. *See Sturniolo,* 15 F.3d at 1025 (which held that a limitations period begins to run only when facts which would support a charge are apparent or should be apparent to a person with a reasonably prudent regard for his rights).

Similarly, the fact that Hargett informed the EEOC investigator that Valley had employed another person in the loan department would not put Hargett on notice that Valley had retaliated against him. The refusal to rehire was entirely consistent with his claim of age discrimination. Although the hiring of others and the refusal to rehire Hargett gave some persuasive evidence that the reason given by Valley for his lay off was pretextual, such refusal did not provide evidence of retaliation.

We find that Hargett had no basis upon which reasonably to conclude that Valley had retaliated against him for filing an EEOC charge prior to May 19, 1993. Therefore, Judge Hancock erred in holding that the retaliation complaint was untimely, and this cause is due to be reversed and remanded as to Hargett's retaliation claim.

F. MOTION FOR CONSOLIDATION

Finally, Hargett contends that Judge Blackburn and Judge Hancock abused their discretion by failing to rule on his motion for consolidation. In the case at bar, neither court ruled on the consolidation issue. Judge Blackburn did not rule on the motion and Judge Hancock deferred the motion to Judge Blackburn, but then rendered it moot by ruling on the pending motion for summary judgment.

A trial court may consolidate cases when actions involving a common question of law or fact are pending before the court. Fed.R.Civ.P. 42.[14] "The proper solution to problems created by the

---

[14]*Fed.R.Civ.P.* 42 provides as follows:

When actions involving a common question of law or fact

existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Miller v. United States Postal Serv.,* 729 F.2d 1033, 1036 (5th Cir.1984) (citation omitted).

Although the handling of the motion for consolidation was unusual, no prejudice was caused the plaintiff. As previously discussed, a separate EEOC filing was required in order to assert the retaliation claim because it could not append to the untimely age discrimination case. *See Gupta,* 654 F.2d at 414; *see also Barrow,* 932 F.2d 473.

## V. CONCLUSION

For the foregoing reasons, the judgments of Judge Blackburn are AFFIRMED. The judgment of Judge Hancock on the timeliness of the retaliation claim is REVERSED and REMANDED.

AFFIRMED in part, REVERSED and REMANDED in part.

---

are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.