Leon GODWIN and David Wayne Ward, Plaintiffs,

v.

SOLUTIA, INC., Defendant.

No. 3:01CV219/RV/MD.

United States District Court, N.D. Florida, Pensacola Division.

July 31, 2002.

Stephanie Ann Taylor, McKenzie & Soloway, Pensacola, FL, for Plaintiffs.

Erick M. Drlicka, Emmanuel Sheppard & Condon PA, Pensacola, FL, Richard J. Pautler, Thompson & Coburn PA, St. Louis, MO, Jennifer Baetje, Thompson Coburn LLP, St. Louis, MO, for Defendant.

## ORDER

VINSON, Chief Judge.

Plaintiffs Leon Godwin and David Wayne Ward bring this action pursuant to Title 29, United States Code, Section 1132, for violation of the Employee Retirement Income Security Act ("ERISA") [29 U.S.C. § § 1001, *et seq.*] for alleged denial of pension benefits by defendant Solutia, Inc.[1] Defendant has moved for summary judgment (doc. 21).

## I. BACKGROUND

The following facts are not disputed by the parties. Plaintiffs Leon Godwin and David Wayne Ward (collectively, "plaintiffs") were employees of Monsanto Company ("Monsanto"). In 1997, Monsanto did a "spin-off" of its chemical products business into a new company, Solutia, Inc. ("Solutia"). Plaintiffs became employees of Solutia after the spin-off until their retirements in December of 1999.

Prior to the Solutia spin-off, some Monsanto employees had accrued retirement benefits under a pension plan while employed by Monsanto. Starting on January 1, 1997, Solutia sponsored a new pension plan known as the "Solutia Inc. Employee's Pension Plan," (the "Plan") for its employees. The Plan is a cash balance employee benefit plan governed by ERISA. Under section 6.2(e)(i) of the Plan, an employee over the age of 50 as of December 31, 1996, who terminates his employment at or after age 55, would receive the cash balance of his or her account under the Plan as well as the greater of either the lump sum benefit due under the prior Monsanto plan or the "Actuarial Equivalent lump sum value of his Indexed Minimum Benefit" ("lump sum"). The time of distribution of benefits under the Plan is determined under section 7.2 of the Plan. This is dependant upon the employee's "separation date," which normally would be the date the employee retires, dies, or terminates his employment.

Godwin was 55–years–old on December 22, 1999, and Ward was 55–years–old on December 27, 1999. The plaintiffs retired from Solutia on December 28, 1999, and submitted "Pension Option Election" forms requesting lump sum payments to begin on January 1, 2000. The Plan Committee applied the interest rate in effect on January 1, 2000, to the lump sum benefits. Plaintiffs argue that Solutia improperly applied the interest rate that became effective on January 1, 2000, but, instead, should have applied the higher interest rate in effect on December 1, 2000. Thus, the issue in this case involves which interest rate should apply. Both parties agree that the determination of the correct interest rate is dependant upon the interpretation of section 7.2(a) of the Plan. The facts are not in dispute.

## II. DISCUSSION

### A. Summary Judgment Standard, Generally

The Rules of Civil Procedure make it plain that a motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the

---

1. Defendant has asserted a counterclaim seeking attorney's fees and costs pursuant to Title 29, United States Code, Section 1132(g)(1).

moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court of the United States has instructed, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273 (1986). *See also Morisky v. Broward County,* 80 F.3d 445, 447 (11th Cir. 1996).

However, summary judgment is improper "[i]f a reasonable fact finder could draw more than one inference from the facts, and that inference creates a genuine issue of fact." *Jeffery v. Sarasota White Sox, Inc.,* 64 F.3d 590, 594 (11th Cir.1995). An issue is "material" if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *See id.; see also Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).

On summary judgment motion, the record and all inferences that can be drawn from it must be viewed in the light most favorable to the nonmoving party. *See Evans v. McClain of Georgia, Inc.,* 131 F.3d 957, 961 (11th Cir.1997). However, conclusory allegations based on subjective beliefs are insufficient to create a genuine

issue of material fact. *See Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir.2000); *Ramsey v. Leath,* 706 F.2d 1166, 1170 (11th Cir.1983). The nonmoving party must provide more than a mere "scintilla" of evidence supporting his position, for if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson, supra,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11, 91 L.Ed.2d at 212; *Johnson v. Fleet Finance, Inc.,* 4 F.3d 946 949 (11th Cir. 1993). Although the nonmoving party must designate "specific facts showing that there is a genuine issue for trial," the Court must also consider the entire record in the case, not just those pieces of evidence which have been singled out for attention by the parties. *See Hargett v. Valley Fed. Sav. Bank,* 60 F.3d 754, 763 n. 9 (11th Cir.1995) (quoting *Celotex Corp., supra,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274, (1986)); *Clinkscales v. Chevron USA, Inc.,* 831 F.2d 1565, 1570 (11th Cir.1987). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. at 587, 106 S.Ct. at 1356, 89 L.Ed.2d at 552.

**B. Standard of Review for claims challenging ERISA claims administrator's denial of benefits.**

The Eleventh Circuit has held that the "arbitrary and capricious standard of review is appropriate ... when the [ERISA] plan documents at issue explicitly grant the claims administrator discretion to determine eligibility or construe terms of the plan." [2] *HCA Health Services of Georgia,*

**2.** Under section 10.1(d)(3) of the Plan, Solutia's Plan Committee has the power to

[I]nterpret the Plan and any other relevant documents and materials as it deems appropriate in its sole discretion to remedy ambiguities, inconsistencies or omissions,

to determine the various rights and duties arising out of or in connection with the Plan and to accomplish or facilitate such other purposes as it chooses in its sole discretion.

*Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 992 (11th Cir.2001) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80, 95 (1989)). Under the "arbitrary and capricious" standard, the Court must evaluate the claims administrator's interpretation of the plan to determine whether it is "wrong." *Id.* at 993 (citing *Godfrey v. BellSouth Telecommunications, Inc.*, 89 F.3d 755, 758 (11th Cir.1996)). If it is determined that the claims administrator's interpretation is "wrong," the Court is to then determine whether "the claimant has proposed a 'reasonable interpretation of the plan.'" *Id.* at 993 (quoting *Lee v. Blue Cross/Blue Shield*, 10 F.3d 1547, 1550 (11th Cir.1994)). If the claimant's interpretation is reasonable and the claims administrator's interpretation is unreasonable, then the claimant shall prevail. However, if the claims administrator's interpretation is reasonable, "then this wrong but reasonable interpretation is entitled to deference even though the claimant's interpretation is also reasonable." *Id.*

### C. Discussion

 Solutia's interpretation of the Plan is neither wrong nor unreasonable. Section 7.2(a) of the Plan provides, in relevant part:

> *In general.* If a Participant's Separation Date occurs on or after the date the Participant becomes vested under Section 7.1, the Participant or, in the case of the Participant's death, his Beneficiary shall be entitled to receive the value of the Participant's Accounts in the manner

provided by Section 7.3 commencing as of the first day of the month coinciding with or next following the Participant's Separation Date, or as of the first day of any following month ... by giving the Plan Committee advance written notice of the Annuity Starting Date desired by the Participant. ...

Section 7.2(a) provides that the plaintiffs "shall be entitled to receive the value of [their] Accounts ... commencing as of the first day of the month coinciding with or next following [their] Separation Date. ..." This clause provides that an employee may commence to receive his benefits on the first day of the month; it does not provide that benefits can be received at any other time during the month. Thus, an employee who retires on December 1, 1999 can commence receiving benefits on December 1, 1999. However, an employee who retires after December 1, and specifically on December 28, as here, cannot commence to receive benefits on December 28, 1999, because the Plan allows benefits to commence only on the first of the month. Of course, an employee who retires on December 28, 1999, also cannot commence to receive benefits on December 1, 1999—a date before his retirement and before he has attained age 55. In such an instance, the Plan participant must commence receiving benefits on the first day of a following month, and no earlier than January 1, 2000. Solutia correctly interpreted this language to mean that a Plan participant can receive his or her benefits on the first of the month if his or her retirement coincided with the first day of the month—otherwise, they must receive their benefits on the first day of the following month.[3]

---

**3.** Plaintiffs argue that the phrase "coinciding with" in Section 7.2 of the Plan means that a Plan participant can chose the interest rate in effect on the first day of the month that "coincides" with the participants retirement. Essentially, Plaintiffs interpret "coinciding" to mean that the retirement must coincide merely with the month of retirement. I dis-

agree. First, Section 7.2 says that the employee's separation date must coincide with the "first day of the month," not just the month itself. Thus, a participant who retires on December 1 can chose to receive his benefits on December 1 because his retirement coincides with the first day of the month, but

It would be anomalous for the plaintiffs to receive the value of their accounts on January 1, 2000, but to be permitted to choose the interest rate applicable as of December 1, 1999. Plaintiffs were not eligible to retire until December 22, 1999, and December 27, 1999—their fifty-fifth birthdays. Plaintiffs seek what is, in effect, application of an advantageous retroactive interest rate before they were eligible to retire. The Plan Committee's interpretation of section 7.2(a) as requiring the interest rate to be applied to the next following month—thus allowing the cash balance being received on January 1, 2000, to have the interest rate applicable on January 1, 2000—is correct and reasonable.[4] Solutia is entitled to judgment as a matter of law.

## III. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (doc. 21) is GRANTED. The Clerk shall enter judgment for the defendant, together with taxable costs.

---

an employee who retires on any other day of the month must receive his benefits on the first day of any following month. Secondly, plaintiffs' interpretation of Section 7.2 would mean that an employee can chose to begin receiving benefits from the first day of the month in which he retires, even if he retired on a day other than the first day of the month. Thus, according to plaintiffs' logic, an employee who retires on December 28 can chose to receive benefits from December 1, because his retirement "coincides" with the month of December and benefits would begin on the first day of that month. This is incorrect—an employee cannot choose a retroactive date.

4. While the Plan allows participants to postpone the receipt of the value of their accounts

on the first day of any following month after giving the Plan Committee advance written notice, there is nothing within the Plan that would allow participants to receive what would be, in effect, a retroactive interest rate in anticipation of a drop in interest rates at the beginning of the next month. It is reasonable for the Plan Committee to apply the interest rate in effect at the time the cash balance is received. Had the interest rate on December 1, 1999, been less favorable to the plaintiffs, then plaintiffs would certainly have argued that the Plan Committee should apply the interest rates applicable on January 1, 2000. The Plan's language covers the situation, either way.