[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 03-12111
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2004
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00056-CV-4-WLS-1

WILLIAM WRIGHT,
GEORGE HAWTHORNE,
POLLY CHERRY,

Plaintiffs-Appellants,

JOSEPH HOWARD, III, Rev.,

Plaintiff,

versus

DOUGHERTY COUNTY, GEORGIA,
LAMAR REESE, in his official capacity as a member
of the Dougherty County Board of Commissioners,
LAMAR HUDGINS, in his official capacity as a
member of the Dougherty County Board of
Commissioners,
GEORGE BROWN, in his official capacity as a member
of the Dougherty County Board of Commissioners,
BRENDA ROBINSON-CUTLER, in her official capacity
as a member of the Dougherty County Board of
Commissioners, et. al,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 9, 2004)

Before TJOFLAT, MARCUS and GODBOLD, Circuit Judges.

PER CURIAM:

This case concerns the issue of standing to bring suit. Appellants are registered voters of Dougherty County, Georgia, District 5. They brought suit under 42 U.S.C. 2§1983 and 42 U.S.C. §1973, the Voting Rights Act of 1965, against appellees alleging that the current voting districts are malapportioned, and thus violated their Fourteenth Amendment guarantee of one person, one vote. They sought declaratory and injunctive relief against the further use of the current voting districts for the Board of Commissioners and the School Board. Moreover, they sought a court-ordered plan that remedied the malapportionment and complied with Sections 2 and 5 of the Voting Rights Act, 42 U.S.C. 1973 and 1973c. The district court granted appellees' motion for summary judgment, finding that appellants lacked standing to pursue a case under §1983 and §1973 against appellees because they were not domiciled in the underrepresented voting districts,

2

and thus were not harmed. Appellants now appeal, alleging that the district court (1) erred in both law and fact in holding they lacked standing because they were over-represented and (2) abused its discretion in denying appellants' motion to consolidate their case with Knighton v. Dougherty County, Civ. No. 1:02-CV-130-2 (WLS) (M.D. Ga.). We affirm.

We review de novo a district court's order granting motion for summary judgment and construe "all reasonable doubts about the facts in favor of the non-movant." Browing v. Payton, 918 F.2d 1516, 1520 (11th Cir. 1990). Dismissal for lack of standing is also reviewed de novo. We review the district court's ruling on whether consolidation is appropriate under an abuse of discretion standard. Hargett, III v. Valley Fed. Sav. Bank, 60 F.3d 754, 760 (11th Cir. 1995). "To find an abuse of discretion, [this court] must find that, on an examination of the record as a whole, the action complained of adversely affected the substantial rights of the complaining party." Id.

The results of the 2000 census indicated that there had been significant population change since the 1990 census, requiring that the voting districts for the Board of Commissioners and the School Board be redrawn. Appellees appointed a six-member committee ("the Committee") consisting of three members each from the Board of County Commissioners and the Board of Education to develop a

redistricting plan. The Committee was evenly divided with three white members and three African-American members. In September of 2001, after numerous hearings, the Committee chose one of the four submitted redistricting plans and presented the plan to the School Board and County Commission for review. In November of 2001 appellant Wright submitted three plans for the School Board and County Commission to review in conjunction with the plan approved by the Committee. The Committee was reconvened to consider appellant Wright's plans in conjunction with the plan previously selected. The Committee ultimately retained its previous recommendation and did not endorse any one of appellant Wright's plans.

The County Commissioners and the School Board drafted a resolution adopting the plan recommended by the Committee. In compliance with Georgia state law they asked the County's delegation to the Georgia legislature to submit the plan to the Georgia General Assembly. The General Assembly did not to take action during the 2002 legislative session. It is undisputed that as a result on this inaction by the Georgia state legislature the districts were unchanged, and thus remained malapportioned.

## Standing

Article III of the United States Constitution limits the power of federal

4

courts to adjudicating actual "cases" and "controversies." U.S. CONST. art. III, §2, cl. 1. "This case-or-controversy doctrine fundamentally limits the power of federal courts in our system of government, [citations omitted], and helps to 'identify those disputes which are appropriately resolved through judicial process.'" Georgia State Conference of NAACP Branches v. Cox, 183 F.3d 1259, 1262 (11th Cir. 1999) (quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)).

The most significant doctrine of case-or controversy is the requirement of standing. Georgia State Conference 183 F.3d at 1262. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). To establish standing a plaintiff must meet the three-prong test proving that he had suffered "injury in fact". In reviewing the proof provided the court must bear in mind that the " 'Art[icle] III notion that federal courts may exercise power only in the last resort, and as a necessity' and when the dispute is one 'traditionally thought to be capable of resolution through the judicial process.'" Georgia State Conference 183 F.3d at 1262-3 (quoting Allen v. Wright, 468 U.S. 737, 152 (1984)). The three-prong test proving 'injury in fact' requires a showing of:

"[first] the injury [is] an invasion of a legally protected interest that is

sufficiently concrete and particularized rather than abstract and

5

indefinite. Second, there must be causal connection between the injury and the challenged action of the defendant which is not too attenuated. Third, it must be likely rather than speculative that the injury will be redressed by a favorable decision."

Georgia State Conference, 183 F.3d at 1262 (citations and internal quotations omitted).

In the case at bar the appellants have failed to meet the second prong of the 'injury in fact' test for they have not suffered any harm or injury by the malapportioned voting districts; in fact they have benefitted from it. This court noted in Fairley v. Patterson that "the Supreme Court has conclusively established [citations omitted], that sufficient damage through underrepresentation to obtain standing will be inflicted if population equality among voting units is not present." 493 F.2d 598, 603 (5th Cir. 1974).[1] In this regard this court held that "injury results only to those persons domiciled in the under-represented voting districts." Fairley, 493 F.2d at 603. (citing Skolnick v. Board of Commissioners of Cook County, 435 F.2d 361 (7th Cir. 1970) (finding that plaintiff's lacked standing because they were not harmed by the malapportionment but in fact were benefitting from it). Further, over-represented voting district members are barred

---

[1]Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 shall be binding as precedent on the Eleventh Circuit. Bonner v. City of Prithcard, 661 F.2d 1206, 1207 (11th Cir. 1981).

from bringing suit on behalf of persons who reside in under-represented voting districts.  Id at 604.

Appellants contend that, although this court explicitly held in Fairley that over-represented voting district members lacked standing to bring suit for malapportionment what it really meant was that voting districts that were slightly over-represented also had standing because they were under-represented in comparison to the other over-represented districts in their county.  The basis of this contention is dicta in the decision, which states, "the electors of Supervisory Districts Nos. 1, 2, and 3 were underrepresented".  Fairley, 493 F.2d at 603-4.  The appellants contend that based on the voting district population numbers showed in footnote 7 of the decision, district 2 was in fact over-represented by approximately 16%, but was underrepresented in comparison to districts 4 and 5, which were over-represented by approximately 84% and 85%, respectively.

Appellants' argument is without merit for three reasons.  First, as aforementioned, Fairely stands for the proposition (1) that only persons residing in underrepresented districts have standing for only they fulfill the three prong test of "injury in fact," and (2) an over-represented (aka uninjured) person may not bring suit on behalf of persons who are underrepresented.  493 F.2d at 603-604.  Second, the one sentence contained in Fairley stating that district 2 voters had standing is at

best dicta, and thus, "it is neither the law of the case nor binding precedent." Great Lakes Dredge & Dock Co. v. Chevron Shipping Co., 957 F.2d 1575, 1578 (11th Cir. 1992). Third, our sister circuits have reaffirmed the holding of Fairely, which limits standing to persons who reside in underrepresented voting districts. League of Women Voters of Nassau County v. Nassau County Board of Supervisors, 737 F.2d 155, 161 (2nd Cir. 1984); Minority Police Officers Association of South Bend v. City of South Bend, Ind., 721 F.2d 197, 202 (7th Cir. 1983).

### Consolidation

A district court has discretion over whether two cases may be consolidated. Hargett, 60 F.3d at 760. A case may not be consolidated with another when one set of plaintiffs lack standing to assert a claim against the defendants. "Where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action." Summit Office Park, Inc. v. United States Steel Corp., 639 F.2d 1278, 1282 (5th Cir. 1981).

Appellants lack standing to bring suit against the appellees because they have not suffered injury by the malapportionment. By lacking standing to bring a claim the appellants also lack standing to amend the complaint to consolidate with a party who may have standing.

8

The court did not err in dismissing the complaint. The judgment is

AFFIRMED.