[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12514
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-01316-CAP

JOHNNY TRAYLOR,
Disabled Vietnam Veteran,

Plaintiff - Appellant,

versus

KRISTEN MILLER HOWARD,
both individually and in her capacity
 as Closing Attorney for Wells Fargo Bank #7,
CRISTINA CORREIA,
both individually and in her capacity as Attorney,
ALICIA MOON,
both individually and in her capacity of Cash
Management for Wells Fargo Bank Home Mortgage,
MERI ANDERSON MCCLINTOCK,
both individually and in her capacity as Sales
Manager for Wells Fargo Home Mortgage,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 11, 2011)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.


PER CURIAM:


Johnny Traylor, proceeding pro se, appeals the district court's affirmance of

the magistrate judge's order to consolidate Traylor's cases. No reversible error

has been shown; we affirm.

In December 2009, Traylor filed a pro se civil complaint alleging that many

Wells Fargo employees and Georgia officials deprived him of his rights under

many federal statutes and constitutional provisions. The district court granted

Defendants' motions for a more definite statement and ordered Traylor to replead

his complaint within 14 days. Traylor filed a new pro se civil complaint, which

included a civil cover sheet, an application to proceed in forma pauperis, and a

complaint. The district court gave this complaint a new case number.

But the magistrate, construing the new complaint as an attempt to comply

with the district court's order to replead, concluded that Traylor had not intended

2

to file a new case. The magistrate ordered the clerk to close administratively the new case and transfer the pleadings to the 2009 case. Traylor appealed the magistrate's order; and the district court affirmed, concluding that Traylor had not met his burden of showing that the magistrate's order was clearly erroneous or contrary to law. On appeal, Traylor argues that the order was contrary to law and that he did intend to file a new case.

We review a district court's treatment of a magistrate's order for an abuse of discretion. Williams v. McNeil, 557 F.3d 1287, 1290 (11th Cir. 2009). When a party objects to a magistrate's non-dispositive order, the district court must consider those "objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). We review a district court's consolidation of cases for an abuse of discretion. See Young v. City of August, Ga., 59 F.3d 1160, 1169 (11th Cir. 1995).

The district court abused no discretion in affirming the magistrate's order to consolidate Traylor's cases because consolidation was proper. Traylor's second complaint also alleged that Wells Fargo employees and Georgia officials deprived him of rights under federal statutes and constitutional provisions. Both complaints referred to housing discrimination. Thus, these cases "simultaneously pending in

3

the same court" involved many of the same parties and issues; and consolidation was proper. See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765-66 (explaining that consolidation is the "proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court"); see also Fed.R.Civ.P. 42(a)(2) (a court may consolidate cases on its docket if the cases "involve a common question of law or fact").

Traylor's contention that he intended to file a new complaint is unavailing. In the second complaint, Traylor stated several times that the complaint was "in direct response to" the order to replead his complaint in his 2009 case.

AFFIRMED.