JORDAN, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s ultimate conclusion that Mr. Villarreal cannot assert a disparate impact claim against R.J. Reynolds. But I write separately because' I think there is another way to read 29 U.S.C. § 623(a)(2), one that would give effect to each word in this provision. Although Mr. Villarreal would not benefit from my reading of § 623(a)(2), I offer it for the consideration of others who may be called upon to interpret the statute in the future.
At first glance, it might appear that the disparate impact provision of the ADEA is fairly susceptible to two possible interpretations—i.e., one that permits job applicants to bring disparate impact claims under the ADEA and one that does not. If that were the case, I would agree with Judge Martin that we should defer to the views of the EEOC, particularly when its position has been consistent for over three decades. The problem, in my view, is that both of these possible interpretations fail to give effect to some language in the text.
“It is our duty to give effect, if possible, to every clause and word of a 'Statute.” United States v. Menasche, 348 U.S. 528, 538-39, 75 S.Ct. 513, 99 L.Ed. 615 (1955). If, in keeping with this duty, we can ascertain the statute’s plain meaning, then there is no ambiguity and no need to defer to the agency’s interpretation. See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 843 n.9, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (“If a court, employing traditional tools of statutory construction, ascertains that his Congress had an intention on the precise question at issue, that intention is the law and must be given effect.”). Significantly, a statute is not ambiguous merely because the parties present “dueling characterizations of what Congress ‘really meant.’” CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1225 (11th Cir. 2001). Accord Bank of Am. Nat. Trust & Sav. Ass’n v. 203 N. LaSalle St. P’ship, 526 U.S. 434, 461, 119 S.Ct. 1411, 143 L.Ed.2d 607 (1999) (Thomas, J., joined by Scalia, J., dissenting) (“A mere disagreement among litigants over the meaning of a statute does not prove *974 ambiguity; it usually means that one of the litigants is simply wrong.”).
The disparate impact provision of the ADEA, § 623(a)(2), says that an employer may not “limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual’s age[.]” Under the majority’s reading of the statute, an “individual” can bring a disparate impact claim under the ADEA only if he currently has a “status as an employee[J” In other words, the majority reads the statutory language as if the word “individual” were replaced with the word “employee”:
to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual [an employee] of employment opportunities or otherwise adversely affect his status as an employee, because of [his] age[.]
Id. (strikethrough and brackets added). The dissent, for its part, reads the language as if the statute targeted the impact of an employer’s conduct toward “any individual,” and not just “his employees”:
to limit, segregate, or classify his employees [any individual] in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual’s age[,]
Id. (strikethrough and bracket added). In my view, both readings rewrite language in the relevant statutory text.
The statute uses “individual” twice (“any individual” and “such individual”), and it also uses “employee” twice (“his employees” and “employee”). If we are trying to give effect to both critical terms—“his employees” and “any individual”—the reading that makes the most sense to me is that a job applicant (“any individual”) can bring an ADEA claim under a disparate impact theory, but only if something the employer has done vis-á-vis “his employees” violates the ADEA by “limiting], segregating] or classifying]” those employees. So, if an employer’s practice with respect to his employees violates the ADEA, and that same practice has a disparate impact on job applicants, those applicants can sue under § 623(a)(2).
To illustrate, imagine a scenario where a company decides to begin using questionnaires to test its workers’ social media savvy, even though such knowledge has no bearing on the employees’ ability to perform their jobs. The company takes each employee’s performance on the questionnaire into account when it makes promotion decisions. It also distributes the questionnaire to job applicants, and uses each applicant’s performance in making hiring decisions. Imagine also that the questionnaire requirement disadvantages individuals over the age of 40 in a disproportionate way. In that scenario, the employer’s conduct towards his employees has a disparate impact on current employees as well as job applicants. And in that scenario, I think a job applicant can sue under § 623(a)(2). I recognize that reading provides only a narrow set of viable disparate impact claims by job applicants, but it gives effect to the way § 623(a)(2) is written.
Mr. Villarreal, however, challenges only R.J. Reynolds’ hiring practices, and not conduct that affects the company’s current employees. He therefore has not made out a disparate impact claim under my reading of the statute, and I concur in the judgment with respect to the disparate impact claim.
As for' the equitable tolling issue, I agree with Judge Martin’s dissent. In ADEA suits, the applicable limitations pe *975 riod begins to run once the prospective employee knows or should know than an unlawful employment practice has been committed. See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 760 (11th Cir. 1995). In his complaint and proposed amended complaint, Mr. Villarreal alleged that he did not know the information necessary to support his ADEA claim until April of 2010. He also alleged that he was unaware of the resume screening practices R.J. Reynolds used, and that R.J. Reynolds did not tell him why he had been rejected. The complaints are silent as to how Mr. Villarreal learned he had been rejected, whether he learned that R.J. Reynolds hired an individual under the age of 40 to fill the territory manager position, and when R.J. Reynolds filled the position with a younger candidate. Without a more developed record, it is not clear to me when Mr. Villarreal should have known that an unlawful employment practice had been committed and what Mr. Villarreal did to find out. Those are fact questions. And because tolling is a fact-intensive inquiry, we have explained that “[s]ummary judgment is often inappropriate when tolling is at issue in an ADEA action.” Cocke v. Merrill Lynch & Co., 817 F.2d 1559, 1561 (11th Cir. 1987). The same is true, of course, at the motion to dismiss stage.
The majority says that Mr. Villarreal admitted facts, on the- face of his complaints, which foreclose a finding of diligence. According to the majority, Mr. Villarreal specifically alleged that he did nothing for more than two years between his initial application and the communication from the lawyer. See Maj. Op. at 972. But Mr. Villarreal made no such allegation. Mr. Villarreal said nothing in his complaint or proposed amended complaint about what steps he took, if any, to pursue his rights. And he didn’t have to. Complaints need not anticipate defenses and attempt to defeat them. See Gomez v. Toledo, 446 U.S. 685, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). They need only allege enough facts to show that a claim for relief is plausible. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although a plaintiff may plead himself out of court by making affirmative allegations that show there is a bulletproof defense, an omission (i.e., silence) is not an affirmative allegation, particularly not at the Rule 12(b)(6) stage. Because we must view the complaint in the light most favorable to Mr. Villarreal and draw all reasonable inferences in his favor, see McNutt ex rel. U.S. v. Haleyville Med. Supplies, Inc., 428 F.3d 1256, 1259 (11th Cir. 2005), I think the majority errs in holding that dismissal was appropriate on statute of limitations grounds.