Joseph A. STURNIOLO,
Plaintiff–Appellant,

v.

SHEAFFER, EATON, INC., and Anthony
C. Barry, Defendants–Appellees.

No. 93–8135.

United States Court of Appeals,
Eleventh Circuit.

March 7, 1994.

G.E. Massafra, Lynch & Powell, Decatur, GA, Richmond Mason Barge, McKee & Barge, Atlanta, GA, for plaintiff-appellant.

Weyman T. Johnson, Jr., Paul, Hastings, Janofsky & Walker, Nancy E. Ryan, Atlanta, GA, for defendants-appellees.

Before ANDERSON and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

DUBINA, Circuit Judge:

Appellant Joseph Sturniolo ("Sturniolo") appeals the district court's grant of summary judgment in favor of appellee Sheaffer, Eaton, Inc. ("Sheaffer"). The summary judgment was based on the ground that Sturniolo's complaint under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, was barred as untimely filed. For the reasons that follow, we vacate the judgment of the district court and remand this case for further proceedings consistent with this opinion.

## I. STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

Sturniolo began his career at Sheaffer in December of 1986 as a sales manager for the Southeast region of the United States. At that time, Sheaffer maintained four sales regions: Northeast, Southeast, Central, and West. Each regional sales manager reported directly to the Vice–President of Sales, Al Pramschufer ("Pramschufer"). In mid–1989 Pramschufer recommended that Sturniolo undertake the Regional Sales Manager's responsibilities for the Central region in addition to his existing responsibility for the Southeast region. Thus, from mid–1989 until the spring of 1990, Sturniolo had responsibility for two of Sheaffer's four selling regions—Southeast and Central.

In December of 1989, Anthony Barry ("Barry") was promoted to Vice–President of Sales, replacing Pramschufer. In June 1990, Barry hired Doug Doerhoff, who was 27 years old, to assume the position of sales manager for the Central region. Sturniolo still managed the Southeast region. In July 1990, Barry hired Jeff Dorough, who was 38 years old, to assume the position of sales manager for the Western region, replacing a 55 year old individual. On October 3, 1990, Barry terminated Sturniolo's employment. Sturniolo was 58 years old at the time of his discharge from Sheaffer.

Sturniolo filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 6, 1991, 214 days after he received notice of his discharge. On November 20, 1991, Sturniolo filed suit against Sheaffer in federal district court alleging that Sheaffer terminated him as a result of willful age discrimination in violation of the ADEA and that the termination caused him to suffer severe emotional distress and mental anguish. Sheaffer filed a motion for summary judgment alleging that Sturniolo's claim was barred as untimely filed. The district court granted Sheaffer's motion. Sturniolo then perfected this appeal.

## II. ANALYSIS

A motion for summary judgment may be granted only if no genuine dispute remains as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), *Federal Rules of Civil Procedure.* We review *de novo* the district court's order granting summary judgment. *Church of Scientology Flag Serv. Org., Inc., v. City of Clearwater,* 2 F.3d 1514, 1526 (11th Cir.1993). *See also, Woodruff v. United States Dept. of Labor,* 954 F.2d 634, 636 (11th Cir.1992) (per curiam).

■ Title 29 U.S.C. § 626(d) provides in pertinent part that

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed ... within 180 days after the alleged unlawful practice occurred.

The district court found that the alleged unlawful practice was Sturniolo's termination on October 3, 1990. Therefore, the district court reasoned that Sturniolo's failure to file his complaint with the EEOC before April 3, 1991, caused his action to be barred. The district court found meritless Sturniolo's assertions that equitable tolling or equitable estoppel should apply to his case. A finding that equitable modification does not apply is subject to *de novo* review; however, this court is bound by the district court's factual findings unless they are clearly erroneous.

*Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1531 (11th Cir.1992).

■ "The requirement that a claimant file 'a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to sue in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Stafford v. Muscogee County Bd. of Educ.,* 688 F.2d 1383, 1387 (11th Cir.1982) (*quoting Zipes v. Transworld Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982)). *See also Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 589–95 (5th Cir.1981) (en banc) (the 180–day notice requirement is not a question of subject matter jurisdiction, but is more in the nature of a statute of limitations which is subject to equitable tolling). The legislative history of the ADEA also supports the conclusion that equitable tolling applies to the 180–day filing requirement. The conferees stated: .

> The conferees agree that the 'charge' requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA and that therefore equitable modification for failing to file within the time period will be available to plaintiffs under this Act.

*Coke,* 640 F.2d at 594 (citations omitted). Therefore, it is settled law that the charging period of the ADEA is subject to equitable modification. *Cocke v. Merrill Lynch & Co., Inc.,* 817 F.2d 1559, 1561 (11th Cir.1987).

■ Under equitable modification, a limitations period does not start to run until the facts which would support a charge of discrimination are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 931 (5th Cir.1975).[1] *See also Hill v. Metropolitan Atlanta Rapid Transit Auth.,* 841 F.2d 1533, 1545 (11th Cir.1988) (the 180 days begins running from the date the employee knows or reasonably should know that he or she has been discriminated against). It is not necessary for a plaintiff to know all the facts that support his claim in order to file a

claim. *Blumberg v. HCA Management Co.,* 848 F.2d 642, 645 (5th Cir.1988), *cert. denied,* 488 U.S. 1007, 109 S.Ct. 789, 102 L.Ed.2d 781 (1989). "[A] plaintiff who is aware that [he] is being replaced in a position [he] believes [he] is able to handle by a person outside the protected age group knows enough to support filing a claim." *Id.*

In October 1990, Barry terminated Sturniolo's employment informing Sturniolo that (1) the termination was part of a plan to save financial resources by reducing the number of selling regions from four to three nationwide; (2) the sales area known as the Southeast region was being absorbed into the Northeast region to create one "Eastern" region; and (3) the position of Southeast region sales manager was being eliminated. Sturniolo asserts that he believed Barry's stated reasons for the termination and did not have cause to doubt these reasons until several months after his discharge when Sturniolo confirmed that Sheaffer hired a younger individual as regional manager in the Southeast.

■ The issue before this court is whether, based upon the evidence presented to the district court, the undisputed material facts establish as a matter of law that the complaint was not timely filed. Our review of the record persuades us that evidence exists to support Sturniolo's assertion that the facts which would support his claim were not apparent to him until early 1991. In *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), the Supreme Court defined the elements a plaintiff must prove to establish a prima facie case: (1) the plaintiff is in the protected [age] group; (2) the plaintiff applied and was qualified for a job for which the employer was seeking applicants; (3) the plaintiff was rejected or demoted; and (4) following the plaintiff's discharge, the employer replaced him with someone of comparable qualifications outside the protected class. At the time of his discharge, Sturniolo believed Barry's reasons for terminating him were business related and Sturniolo was not

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

aware of Sheaffer's intent to hire a younger individual to replace him. When discharging Sturniolo, Barry explained to him that the region he formerly managed was to be eliminated. It was not until early 1991, or December 1990, at the earliest, that Sturniolo was aware that a younger individual was representing herself as Sturniolo's replacement. It was at that point Sturniolo had knowledge of facts sufficient to support a prima facie case of age discrimination.

In *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 198, 116 L.Ed.2d 158 (1991), Rhodes, a 56 year old employee, received notice that he was being discharged because of a reduction in work force. Nearly two months later, Rhodes discovered that Guiberson Oil had hired a 42 year old individual to replace him. Rhodes filed a charge with the EEOC 195 days after he received notice of his termination. The court noted that until Rhodes learned he had been replaced by a younger man, he had insufficient evidence of discrimination and, therefore, he could not be expected to evaluate the reasons for his dismissal. *Id.* at 880–82. The court held that

> [k]nowing that he [Rhodes] was 56–years–old and would be discharged from his job was simply not enough to go to the EEOC and file a charge when Rhodes was told that he was being discharged because of a reduction in work force. . . .

*Id.* at 882.

 As in *Rhodes*, the fact that Sturniolo was 58 years old at the time of his discharge did not constitute sufficient evidence to file a charge of age discrimination with the EEOC. Although the district court noted that Sturniolo "suspected" age discrimination at the time of his discharge, a discharged employee's mere suspicion of age discrimination, unsupported by personal knowledge of discrimination, will not constitute pretext. *See generally, Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860 (5th Cir.1986) (the plaintiff suspected the defendant had a policy of replacing agents over 40 with younger agents; however, the court reasoned that testimony

based on conjecture alone is insufficient to raise an issue as to the existence of the alleged policy). *See also Cocke v. Merrill Lynch & Co.*, 817 F.2d at 1562 ("Although plaintiff was suspicious that the reason he had not been relocated prior to receiving notice of termination was because of his age, he may well have been justified in waiting before resolving that suspicion into a fact he should act upon during the time the employer made a good faith effort to relocate him"). When an "employer has articulated a presumptively legitimate reason for discharging an employee, the latter must elucidate specific facts which would enable a jury to find that the reason given was not only a sham, but a sham intended to cover up the employer's real motive: age discrimination." *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 9 (1st Cir.1990).

 At the time of discharge, Sturniolo had no facts sufficient to support a claim of age discrimination. It was not until Sturniolo learned that a younger individual had replaced him that Sturniolo possessed enough information to support a claim of age discrimination. The date when Sturniolo knew or should have known that Sheaffer had hired a younger individual to replace him is the date upon which the tolling period should commence.

### III. CONCLUSION

The district court erred in granting Sheaffer's motion for summary judgment because there exist genuine issues of material fact whether equitable modification applies to this case.[2] We therefore vacate the grant of summary judgment and remand this case for further proceedings consistent with this opinion.

**VACATED and REMANDED.**

---

2. We need not address Sturniolo's arguments regarding the applicability of equitable estoppel because we hold that the district court erred in granting summary judgment on the issue of the application of equitable tolling.