[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2009
THOMAS K. KAHN
CLERK

No. 08-10393
Non-Argument Calendar

_____

D. C. Docket No. 06-00613-CV-AR-S

MARY E. SMITH,

Plaintiff-Appellant,

versus

JOHN E. POTTER,
Postmaster General, United States,
Postal Service,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 3, 2009)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Mary E. Smith appeals the district court's order granting summary judgment in favor of Defendant-Appellee John E. Potter, in his representative capacity as Postmaster General of the United States Postal Service ("the Service"). Smith argues that the district court erred in holding that she failed to timely exhaust her administrative remedies and was not entitled to equitable tolling.

## I. Facts

Smith, an employee of the Service since 1981, was assigned to a position in the Service's Customer Relations Department in Birmingham, Alabama in 1997. April Williams, the Customer Relations Coordinator ("CRC") and Smith's supervisor, was promoted to a new position in April 2003. Notice of the vacant CRC position was posted on October 28, 2003 and sixteen employees, including Smith, applied for this position. A recommendation committee was established to review the applications and to submit a list of the "three best qualified" candidates to Paul T. Barrett, Postmaster of the Birmingham Post Office. Barrett was to select the new CRC from that list.

The committee interviewed the top eight applicants in February 2004 and submitted a list of the final three applicants to Barrett. Smith's name was not included in the final three. According to Smith, in late February she received

notice that she was not selected for the position. Smith alleges that she thereafter contacted the members of the recommendation committee to inquire as to why her name was not given to Barrett and each told her she was not selected because she was never "detailed"[1] to CRC position. Barrett had detailed Kristy White, who is approximately twenty years younger than Smith, to the CRC position from April through November 2003. Smith was later detailed to the CRC position after she had received her rejection for the permanent position. According to Smith, the committee members told her that had she been detailed to the CRC position prior to their review of her application, her name would have been among the three submitted to Barrett.

Smith alleges that she then had a conversation with Barrett on July 16, in which Barrett told her that White would be the new CRC because she was "young and could grow with the job." Barrett allegedly expressed his disappointment with Smith for questioning his decision and gave her three choices: (1) continue working in her current position; (2) retire because she had reached age fifty-five, as required for eligibility; or (3) look for a new assignment outside of Barrett's department. Barrett's selection of White received official approval on August 5, 2004, and on August 9, Smith contacted an Equal Employment Opportunity

_____

[1] A "detail" is a temporary assignment into a position that is not the individual's assignment of record.

3

("EEO") counselor about her non-referral and non-selection.

Smith thereafter filed suit in district court under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq., alleging that her non-selection for the CRC position was based on her age.[2] Following discovery, the Service moved for summary judgment and the matter was referred to a magistrate judge. The magistrate judge recommended summary judgment in favor of the Service. The magistrate judge noted that Smith was required to timely exhaust her administrative remedies, which includes filing an EEO claim "within 45 days of the effective date of [the personnel] action," prior to filing an ADEA claim. 29 C.F.R. § 1614.105(a)(1). The magistrate judge concluded that this "45-day time limit began to run from the moment that Smith learned that had she been detailed to the position of Customer Relations Coordinator she would have been one of the three final candidates." The magistrate judge reasoned that the 45-day period began to run in March 2004 because "at this time Smith [] knew or reasonably should have known that she had been discriminated against, since she knew that White was twenty years younger and White had been detailed to the Customer Relations Coordinator position for months leading up to the formal posting of the

---

[2] Smith also brought a claim alleging that the decision not to promote her was made in retaliation for a prior suit that she filed against the Service. On Smith's motion, the district court later dismissed the retaliation claim.

position." The magistrate judge further concluded that equitable tolling of the 45-day time period was inappropriate under the circumstances because Smith did not promptly contact an EEO counselor, despite personally knowing of the 45-day requirement and having the benefit of counsel.

Smith did not object to the magistrate judge's recommendation. The district court adopted the recommendation and granted summary judgment in favor of the Service. This appeal followed.

## II. Discussion

A. Standard of review

We must first determine the appropriate scope of review of the magistrate judge's findings, in light of Smith's failure to file a timely objection to the report and recommendation with the district court. Parties to civil cases have ten days from being served with a copy of the magistrate judge's recommended disposition to "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). This court has held that the failure of a party to object to the magistrate judge's report precludes review of findings of fact except on grounds of plain error or manifest injustice, but does not limit review of legal conclusions. Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). This rule only applies, however, in cases in

5

which the magistrate judge has provided notice of these preclusive consequences. Id.

Although Smith did not object to the magistrate judge's factual findings, there is no evidence in the report itself or elsewhere in the record of notice of these preclusive consequences. In considering this motion for summary judgment, this court will therefore employ de novo review to both the factual and legal conclusions of the magistrate judge. See Arrington v. Cobb County, 139 F.3d 865, 871 (11th Cir. 1998). This court examines the "decision to grant or deny equitable relief for abuse of discretion, reviewing underlying questions of law de novo and findings of fact upon which the decision to grant equitable relief was made under the clearly erroneous standard." Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation, 442 F.3d 1283, 1287 (11th Cir. 2006).

## B. Exhaustion requirement

The ADEA, as amended, makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). "The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit." Bost v. Fed. Express Corp., 372 F.3d 1233, 1238

6

(11th Cir. 2004). The Supreme Court has interpreted failure to promote as a "discrete act" of discrimination that triggers the exhaustion period. Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618, __, 127 S.Ct. 2162, 2169 (2007). As such, this requires a federal employee who alleges that she is a victim of discrimination to initiate contact with an EEO counselor "within 45 days of the effective date of [the personnel] action." 29 C.F.R. § 1614.105(a)(1). The exhaustion period begins once the employee receives "unequivocal communication of the adverse employment decision." Wright v. AmSouth Bancorporation, 320 F.3d 1198, 1202 (11th Cir. 2003).

The magistrate judge found that Smith was notified by letter on February 23, 2004 that she would not receive the CRC position. Smith does not argue to the contrary. As such, Smith's communication with an EEO counselor on August 9, 2004 was not timely as it was initiated more than 45 days after she received notice that she would not be named the new CRC.

The exhaustion period, however, is not a jurisdictional prerequisite, but rather "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Under equitable tolling,[3] "a limitations period does not start to run

---

[3] The magistrate judge noted that Smith did "not necessarily argue equitably tolling," but nonetheless "construed her argument broadly to include this assertion" and analyzed this issue.

7

until the facts which would support a charge of discrimination are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Sturniolo v. Sheaffer, Eaton, Inc., 15 F.3d 1023, 1025 (11th Cir. 1994). The purpose of this rule is to prevent employers from escaping ADEA liability by giving victims pretextual, nondiscriminatory reasons for the employer's action. Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924, 931 (5th Cir. 1975).[4] This court has explained that equitable tolling is appropriate until the point at which the plaintiff has "knowledge of facts sufficient to support a prima facie case of age discrimination." Sturniolo, 15 F.3d at 1026. To establish a prima facie case of age discrimination under the ADEA, the plaintiff must demonstrate: "(1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to adverse employment action; (3) that a substantially younger person filled the position that she sought or from which she was discharged; and (4) that she was qualified to do the job for which she was rejected." Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1359 (11th Cir. 1999).

Smith argued in her submissions to the district court and this court that she did not know and reasonably could not have known that she was a victim of discrimination until July 16, 2004. This argument supports equitable tolling. We thus conclude that the issue of equitable tolling was sufficiently preserved for appellate review.

[4] Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (accepting as binding precedent all Fifth Circuit cases decided before October 1, 1981).

8

The magistrate judge concluded that after Smith spoke to members of the recommendation committee in March 2004 and was told that her rejection was based on the fact that she was never detailed to the CRC position, "Smith knew or reasonably should have known that she had been discriminated against, since she knew that White was twenty years younger and White had been detailed to the Customer Relations Coordinator position for months leading up to the formal posting of the position." This, however, is insufficient to meet the third requirement for a prima facie case of age discrimination because a "mere suspicion of age discrimination, unsupported by personal knowledge," is not enough to establish a prima facie under the ADEA. Sturniolo, 15 F.3d at 1026. The fact that White was substantially younger and had been detailed to the position did not show that "a substantially younger person filled the position that she sought." Damon, 196 F.3d at 1359 (emphasis added). Even if Smith thought that White was the frontrunner for the CRC position because she had been detailed to it, Smith did not know that White would actually receive the permanent position.

The magistrate judge found that it was not until the July 16, 2004 meeting that Smith was informed that White would be awarded the position. In light of this finding, we conclude that the exhaustion period should have been equitably tolled until July 16, 2004, because that was the point at which Smith had sufficient

9

information to establish a <u>prima facie</u> case of age discrimination under the ADEA. We therefore vacate the entry of summary judgment in favor of the Service and remand the case to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.