NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2094
_____

HAROLD P. KOLLER; HUNTINGDON VALLEY
EYE CARE CONSULTANTS, LTD.,
Appellants

v.

ABINGTON MEMORIAL HOSPITAL
_____

On Appeal from the United States District
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-03234)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 22, 2018
_____

Before: GREENAWAY, JR., KRAUSE, *Circuit Judges*, and JONES, *District Judge*.[*]

(Opinion Filed: March 19, 2018)

_____

OPINION[**]
_____

_____

[*] The Honorable John E. Jones III, United States District Judge for the Middle District of Pennsylvania, sitting by designation.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

In this appeal, the sole issue presented is whether the age discrimination claims brought by Appellants Harold Koller and Huntingdon Valley Eye Care Consultants, Ltd. ("HVECC") are subject to equitable tolling. We conclude that tolling is inappropriate because Appellants' late filing was not caused by any deception on the part of Appellee Abington Memorial Hospital ("AMH" or "the Hospital"). Accordingly, we will affirm the District Court's order granting summary judgment in favor of AMH.

## I. BACKGROUND

Koller is a pediatric ophthalmologist and the owner and President of HVECC. In 2008, Koller entered into an agreement with AMH, under which he was to perform on-site eye examinations on premature infants born at the Hospital. After Koller hired Cynthia Alley, another ophthalmologist, to provide services to HVECC patients, he and AMH modified their arrangement. Koller assigned his rights and obligations under the agreement to HVECC, so that both he and Alley could examine patients at the Hospital.

The agreement permitted either party to terminate the relationship at any time upon providing 180 days' notice. On March 21, 2013, AMH notified Koller and HVECC by letter that it intended to terminate the agreement, effective September 20, 2013, which the parties later agreed to extend to September 30. After receiving the letter, Koller spoke on the phone with Steven Shapiro, the Chair of the Pediatrics Department at AMH, on March 25, 2013. According to Koller's handwritten notes about that phone call, Shapiro informed him that the Hospital decided to make a change because it needed to

2

ensure "continuity of care for the next 15-20 years." App. 431. Koller noted that Shapiro referred to his age, which at the time was seventy-five. Koller responded that Alley, his associate at HVECC, was only forty-one, and that he was looking at hiring a number of other younger doctors into the practice. Shapiro did not change his mind, though, and the call ended. Reflecting on the conversation, Koller later testified that "the only thing that one could absolutely conclude is that age was absolutely on the top of [Shapiro's] list [of] . . . reasons for severing the contract." App. 120.

Nonetheless, Koller and HVECC took no action against AMH until nearly a year later. By then, Koller had learned that AMH had replaced HVECC by reaching an agreement directly with Alley, Koller's former associate, which took effect October 1, 2013. On March 18, 2014, Koller and HVECC filed an age discrimination complaint against the Hospital with the Pennsylvania Human Relations Commission ("PHRC"). After the PHRC complaint was dismissed, Koller and HVECC initiated this lawsuit on June 9, 2015, raising claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (2012), and Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. and Cons. Stat. Ann. §§ 951–963 (West 2009).

Following the close of discovery, AMH filed a motion for summary judgment, which the District Court granted, concluding that Koller and HVECC's claims were time-barred by the applicable statutes of limitations and not subject to equitable tolling. Koller and HVECC then filed this appeal.

3

## II. JURISDICTION & STANDARD OF REVIEW

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review of a district court's grant of summary judgment. *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018). Thus, we will affirm "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]e 'review the record as a whole and in the light most favorable to the nonmovant, drawing reasonable inferences in its favor.'" *Valspar Corp. v. E.I. Du Pont De Nemours & Co.*, 873 F.3d 185, 192 (3d Cir. 2017) (quoting *In re Chocolate Confectionary Antitrust Litig.*, 801 F.3d 383, 396 (3d Cir. 2015)).

## III. DISCUSSION

On appeal, Koller and HVECC concede that their claims are time-barred unless they are subject to equitable tolling.[1] "The ADEA's timely exhaustion requirement is a

---

[1] Under the PHRA, Koller and HVECC were required to file a complaint with the PHRC within 180 days of the allegedly discriminatory conduct. 43 Pa Stat. and Cons. Stat. Ann. § 959(h). The ADEA, meanwhile, required that they file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the allegedly discriminatory act. *See* 29 U.S.C. § 626(d)(1)(B). Here, while HVECC's contract was not officially terminated until September 30, 2013, for limitations purposes the allegedly discriminatory act occurred on March 25, 2013, when Koller received AMH's notice of termination. *See Watson v. Eastman Kodak Co.*, 235 F.3d 851, 856 (3d Cir. 2000) ("As a matter of law, notice of an 'operative decision' of termination is not equivocal merely because it was 'given . . . in advance of a designated date on which employment terminated.'" (alteration in original) (quoting *Chardon v. Fernandez*, 454

4

non-jurisdictional prerequisite that, like a statute of limitations, is subject to equitable tolling." *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384 (3d Cir. 2007). "Equitable tolling stops the statute of limitations from running when [a discrimination] charge's accrual date has already passed." *Id.* It is a remedy, however, "available only sparingly and in extraordinary situations." *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997).

Here, Koller and HVECC contend that equitable tolling should apply because AMH actively misled them regarding the reason for their discharge. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). We have held that when a plaintiff has been actively misled about the reason for their termination, "the equitable tolling doctrine provides the plaintiff with the full statutory limitations period, starting from the date the facts supporting the plaintiff's cause of actions either bec[a]me apparent to the plaintiff or should have become apparent to a person in the plaintiff's position with a reasonably prudent regard for his or her rights." *Id.* at 1389. Koller and HVECC argue that the facts supporting their claims did not become apparent until October 1, 2013, when Koller learned that AMH had replaced HVECC with the younger Alley. For equitable tolling to apply, however, it is not enough for Koller and HVECC to show that AMH misled them. They must also show that AMH's "deception caused [their] non-compliance with the limitations provision." *Id.* at 1387.

Koller and HVECC are unable to make such a showing in this case. Indeed,

U.S. 6, 8 (1981) (per curiam))). Koller and HVECC did not file a charge of discrimination until March 18, 2014, 358 days later.

viewing the record as a whole in the light most favorable to Koller and HVECC, we conclude that, even if they could show that AMH deceived them, they cannot prove that AMH's deception caused their late filing. Crucially, Koller's contemporaneous notes from his March 25, 2013 phone call with Shapiro reveal that Shapiro referred to Koller's age and stressed that the Hospital needed to ensure "continuity of care" for the next fifteen to twenty years. App. 431. Those notes also indicate that Koller understood Shapiro's concerns to be about his age: Koller wrote that his associate Alley was only forty-one at the time, and he mentioned that he was planning to get younger ophthalmologists into the practice. At a later deposition, Koller stated that, based on the March 25 phone call, "the only thing that one could absolutely conclude is that age was absolutely on the top of [Shapiro's] list [of] . . . reasons for severing the contract." App. 120.

Thus, by his own admission, Koller believed that he had been terminated due to his age on March 25, 2013. And the key facts upon which his and HVECC's discrimination claims were predicated were known to him: he was seventy-five years old at the time, Shapiro had explicitly referenced his age when justifying the termination of the agreement, and Shapiro had repeatedly stressed that the Hospital needed someone who could provide continuity of care for the next fifteen to twenty years. Koller and HVECC are unable to explain why they were unable to pursue their claims based on the information that they already had. *See Ruehl*, 500 F.3d at 385 (emphasizing plaintiff's inability to explain how he was unable to pursue a claim based on the many facts

6

available to him at the time of discharge).

This case is therefore distinguishable from *Oshiver*, where we held that the plaintiff might be entitled to equitable tolling because of the defendants' deception. 38 F.3d at 1392. There, the plaintiff alleged that her employer had said she was being dismissed because there was no work for her to perform. *Id.* at 1391. Importantly, the plaintiff had no reason to suspect a discriminatory motive until over a year after her dismissal, when she learned for the first time that a male had been hired to replace her shortly after she was fired. *Id.* at 1384, 1391–92. Under those circumstances, we held that the plaintiff's factual allegations were sufficient to survive a motion to dismiss and remanded for further factfinding regarding the equitable tolling issue. *Id.* at 1392.

By contrast, here, Koller strongly suspected a discriminatory motive as soon as AMH terminated the agreement. Even viewing the record in the light most favorable to Koller and HVECC, the significance of AMH's hiring Alley was negligible, because it merely corroborated what Koller had already believed for several months: that he had been terminated due to his age. Under these circumstances, where Koller suspected a discriminatory motive within the limitations period and the facts supporting that suspicion were known to him, our precedent makes clear that equitable tolling is unwarranted.[2] *See Ruehl*, 500 F.3d at 385 (holding equitable tolling inappropriate when

---

[2] Koller and HVECC's reliance on *Jones v. Dillard's, Inc.*, 331 F.3d 1259 (11th Cir. 2003), *Sturniolo v. Sheaffer, Eaton, Inc.*, 15 F.3d 1023 (11th Cir. 1994), and *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975), is misplaced, because even under the test articulated in those cases, Koller and HVECC would not be entitled to

7

plaintiff was aware of facts that supported his cause of action at the time he was terminated); *Hart v. J. T. Baker Chem. Co.*, 598 F.2d 829, 834 (3d Cir. 1979) (holding equitable tolling inappropriate when, "by her own admission," plaintiff suspected her discharge was related to sex at the time she was fired).

## IV. CONCLUSION

For the reasons set forth above, we will affirm the District Court's order granting summary judgment in favor of AMH.

---

equitable tolling. Under that test, the limitations period does not begin to run "until the facts which would support a cause of action are apparent to a person with a reasonably prudent regard for his [or her] rights." *Jones*, 331 F.3d at 1264 (alteration in original) (quoting *Reeb*, 516 F.2d at 930). Importantly, however, "[i]t is not necessary for a plaintiff to know all the facts that support his claim in order to file a claim." *Sturniolo*, 15 F.3d at 1025. As explained above, the vast majority of the facts supporting Koller and HVECC's claims were known to Koller at the time of discharge. Thus, even if we were to follow *Jones*, *Sturniolo*, and *Reeb*—which of course are not binding on this Court—the limitations period here would have begun to run on March 25, 2013, and the claims would now be time-barred.