[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12729

Non-Argument Calendar

_____

NANCY B. MILLER,

Plaintiff-Appellant,

*versus*

OMOTAYO B. ALLI,
Executive Director of the Georgia Public Defender
Council, in official capacity,
MOFFETT FLOURNOY,
Chief Public Defender, Chattahoochee Judicial
Circuit, Columbus, Georgia, in official capacity,
CHATTAHOOCHEE CIRCUIT PUBLIC DEFENDER'S OFFICE,
GEORGIA PUBLIC DEFENDER STANDARDS COUNCIL,
as it governs, manages, and controls the
Chattahoochee Circuit Public Defender's Office,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:21-cv-00129-CDL

_____

Before GRANT, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Nancy Miller appeals pro se the district court's dismissal of her second amended complaint against Moffett Flournoy, the Circuit Public Defender for the Chattahoochee Circuit Public Defender's Office, and others. [1]    Miller's Title VII and § 1983 claims are time-barred, and her complaint failed to state a plausible claim of retaliation under § 1981.    We therefore affirm the district court's dismissal.

## I.

Nancy Miller is an African-American attorney employed by the Chattahoochee Circuit Public Defender's Office since 2006.

---

[1] Although Miller proceeds pro se on appeal, she is a licensed attorney, so liberal construction of her filings is not appropriate.    *See Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1306 n.1 (11th Cir. 2018).

According to her complaint, in March of 2017, Miller, concerned that several recent hires had all been white, asked Steve Craft, the Chief Assistant Public Defender who was involved in the hiring of new attorneys, if the office had received any applications from attorneys of color. Craft responded that the office did not want to lower its standards. Miller alleged that Craft also made other comments, but she did not state what those comments were. Miller believed this comment to be unlawful and reported it to Moffett Flournoy, head of the public defender's office. Flournoy responded that he did not consider race and only wanted to hire other attorneys who could perform as well as Miller.

Shortly after this exchange, Miller began a week-long murder trial. During the trial, Miller received notice that the Georgia Court of Appeals planned to dismiss one of her client's pending cases because she had failed to sign her name to the appeal. After her trial concluded, she found that Flournoy had issued her a reprimand over this mistake. Miller objected, but the reprimand was not withdrawn.

Miller believed that the reprimand was retaliation in response to her reporting Craft's comment to Flournoy. Following the reprimand, Miller alleges that Flournoy and Craft excluded her from an office-wide raise, began more closely scrutinizing her work for deficiencies, and changed her schedule to be more rigorous than before. All events were alleged to have occurred within a "few months" of March of 2017.

Based on these events, Miller filed a charge with the Equal Employment Opportunity Commission in March of 2019.[2]    The EEOC issued her a Notice of Right to Sue in May of 2021.    She then filed suit against Flournoy and a handful of other defendants in district court, alleging race discrimination, retaliation, and a racially hostile work environment under Title VII; race discrimination under the Equal Protection Clause, asserted through 42 U.S.C. § 1983; and retaliation under 42 U.S.C. § 1981. The district court dismissed her complaint, reasoning that her Title VII and § 1983 claims were time-barred, that she was not entitled to equitable tolling of the deadlines, that she had failed to state a claim of § 1981 retaliation, and that Flournoy was entitled to qualified immunity.    This appeal follows.

## II.

We review a district court's denial of equitable tolling de novo and its factual determinations for clear error.    *Cabello v. Fernández-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005).

We review the dismissal of a complaint for failure to state a claim de novo.    *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019).    We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.    *Id*.    To

---

[2] Although the operative complaint alleges that Miller filed her charge in March of 2019, the actual EEOC charge attached as an exhibit by defendants to their motion to dismiss indicates that it was filed on September 16, 2019. This discrepancy does not matter for the outcome; either way, Miller's charge was filed out-of-time.

survive a motion to dismiss, a plaintiff must allege facts that are "plausible on their face," and "raise a right to relief above the speculative level." *Dorman v. Aronofsky*, 36 F.4th 1306, 1312 (11th Cir. 2022) (alterations adopted and quotation omitted). We must be able to draw from the plaintiff's facts "the reasonable inference that the defendants were liable for the misconduct alleged." *Id.* (alterations adopted and quotation omitted).

### III.

Before bringing suit under Title VII an aggrieved employee must first file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e). Compliance with this deadline is not a jurisdictional prerequisite, and the deadline is subject to equitable tolling. *Sturniolo v. Sheaffer, Eaton, Inc.*, 15 F.3d 1023, 1025 (11th Cir. 1994). But equitable tolling "is an extraordinary remedy." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (quotation omitted). The party seeking tolling must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc) (quotation omitted).

In Georgia, the statute of limitations for a § 1983 claim is two years. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). We look to state law for applicable tolling rules. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). In Georgia, the limitations period may be tolled where the defendant committed a fraud "by which the

plaintiff has been debarred or deterred from bringing an action," in which case the limitation period runs "only from the time of the plaintiff's discovery of the fraud." O.C.G.A. § 9-3-96. The plaintiff must show that he "exercised reasonable diligence to discover his cause of action despite his failure to do so within the statute of limitation." *Daniel v. Amicalola Elec. Membership Corp.*, 289 Ga. 437, 445 (2011).

Miller's complaint alleges that all of the events supporting her Title VII and § 1983 claims occurred within a "few months" of March of 2017. Therefore, under the most generous interpretation of her complaint, the period to file an EEOC charge for her Title VII claim ended sometime in 2018. And the limitations period for her to sue on her § 1983 claims expired in 2019. Miller filed her EEOC charge, at the earliest, in March of 2019 and filed suit in July of 2021. Both her Title VII and § 1983 claims are thus untimely.

Miller argues that she is entitled to equitable tolling because the defendants fraudulently concealed their discriminatory acts. Specifically, she contends that when she asked Craft about the 2017 raises, he led her to believe that no one else had been given a raise either. But her own complaint indicates that she learned of the raises through a "Public Records Salary Information Site," not via speaking with Craft. She does not explain why she could not have discovered this discrepancy from this same public website earlier. And she does not provide any reasons at all why equitable tolling is warranted for the other adverse actions taken against her—the

retaliatory reprimand, increased scrutiny, and change in her caseload—which she would have been aware of the instant they occurred.    Because Miller's delay is inconsistent with the exercise of reasonable diligence in the pursuit of her claims, she has not stated a plausible claim to equitable tolling.

## IV.

To state a claim of retaliation under § 1981, a plaintiff must show that (1) she "engaged in a statutorily protected activity;" (2) she "suffered an adverse employment action;" and (3) she "established a causal link between the protected activity and the adverse action."    *Bryant v. Jones*, 575 F.3d 1281, 1307–08 (11th Cir. 2009).    Unlike Title VII claims where mixed-motivation causation sometimes applies, a retaliation claim under § 1981 requires proof that race was a but-for cause of the adverse action.    *Ossmann v. Meredith Corp.*, 82 F.4th 1007, 1014 (11th Cir. 2023).    In other words, to survive the motion to dismiss, Miller must plead facts supporting a reasonable inference that but for her race she would not have been disciplined.    *See id.*

Miller's complaint does not meet this standard.    She concedes that the stated ground for her reprimand was her endangering one of her client's cases by failing to sign an appeal, an offense which Flournoy told her was grounds for termination. Miller alleges no facts which tend to dispel the natural conclusion that the serious error she committed at her job was the but-for cause of her being subjected to discipline and increased scrutiny,

whether or not she had earlier reported Craft's allegedly discriminatory comment.

Instead, she presents only conclusory allegations that "[s]imilarly situated white employees were not treated the same" and that "a lesser experienced white attorney" was appointed as her supervisor. These are threadbare assertions. She does not explain who these white employees were, how they were similarly situated to her, or whether they had committed similarly serious offenses, nor does she explain how the promotion of a white colleague is relevant to her retaliation claim. Without more, the factual allegations in Miller's complaint do not support a retaliation claim against Flournoy, as required to defeat the Rule 12(b)(6) motion to dismiss.[3]

⋆    ⋆    ⋆

The district court correctly found that Miller was not entitled to equitable tolling of the statutes of limitations on her Title VII and § 1983 claims and that Miller had failed to state a claim of retaliation in violation of § 1981. We therefore **AFFIRM** the district court's grant of the defendants' motion to dismiss.

---

[3] Miller has abandoned her § 1981 claims against all other defendants.